# United States District Court, Northern District of Illinois

*M/HN*

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | *7-26-2010* |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4486 | **DATE** | *7-26-2010* |
| **CASE TITLE** | Raheen Wade (#2010-00325253) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#4] is granted. The Court authorizes the Cook County Jail trust fund account officer to begin making deductions from Plaintiff's fund account in accordance with this order until the entire $350 filing fee is paid. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk is directed to issue summonses for Defendants Tom Dart, Salvador Godinez, and Superintendent Martinez, and the United States Marshals Service is appointed to serve them. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.

■ [For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

Plaintiff, pre-trial detainee in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, Cook County Sheriff Tom Dart, Cook County Department of Corrections Executive Director Salvador Godinez, and Superintendent Martinez violated Plaintiff's constitutional rights by subjecting him to unconstitutional conditions of confinement. More specifically, Plaintiff alleges that he has been exposed to unacceptable levels of lead and sewage in the water, and that he suffered injury, as a result. While a more fully developed record may belie Plaintiff's allegations, Defendants must respond to the complaint.

Plaintiff's motion to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $19.30. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

AWL

## STATEMENT

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act against all Defendants. *Antonelli v. Sheahan* 81 F.3d 1422, 1433 (7th Cir. 1996). An inference of involvement is justified to sustain claims asserted against certain senior officials, such as the county sheriff or the prison warden, where the claims alleged "potentially systemic," rather than "clearly localized," constitutional violations. *Id.* at 1428-29. Although Plaintiff does not make any allegation of direct personal involvement on the part of the supervisory officials named, the allegations made in his complaint appear to be more "potentially systemic" than "clearly localized."

The Clerk shall issue summonses for service of the complaint on Defendants Dart, Godinez, and Martinez (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections or Cermak Health Services shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.